Caruthers, J.,
delivered the opinion of the Court.
Bi’own instituted this action of replevin against Allen to *430 recover a negro man slave named Perry, then in the possession of the defendant. He failed in the action because of the superior title of the defendant, as found by the jury.
Brown’s title was a bill of sale from Rutledge for this and other slaves, dated 21st December, 1857, under which he held possession until some time in January, 1858, when he was taken into possession by Allen.
The claim of Allen was by virtue of a levy of an execution in his hands, as constable, in favor of Mayfield against said Rutledge, for $193.43, and costs, issued 4th December, 1857, and levied on the same day. It is endorsed on said execution that it was returned on the first of January, 1858, and an order of sale issued. Another slave, named Jim, was included in the same levy. Perry was proved to be worth $1100 and Jim about $600, but was afterwards sold for $450 under other executions. It is said there was another execution in the hands of Allen levied upon said slaves in favor of Connor for $250. The next day after the levy, the constable informed Rutledge of it, and the slaves were left with him by agreement. When Rutledge sold the slaves to Brown, he obtained his note for $250, which he paid over to Allen, to be applied to the Connor execution, in his hands.
The jury gave the defendant a verdict for $1000, as the value of the slave Perry, besides hire and interest, for which execution was to issue in the event the slave was not delivered. This was all released upon the record by the defendant, except $177.65, and the costs.
The errors insisted upon by the plaintiff for a reversal are supposed to be in the charge of the court.
1. He held that the title which was vested in Allen, the constable, by virtue of his levy, was not lost by leaving the slaves in the possession of the debtor for a reasonable time without any bond for delivery, but it would be otherwise if they remained there an unreasonable time. And as to this the jury were the judges. This is in conformity to our decisions. The title which passes into the*officer,# by virtue of the levy, does not depend upon the removal of it from the possession *431 of the defendant in the execution, but it may be left "with the defendant, or placed in the custody of any other person, so far as his right to it is concerned, but his liability to the creditor if it should be lost, would be a different question. This may be looked to as a circumstance to show a waiver, or abandonment, by the officer or the creditor, of more or less force, according to the length of time and other circumstances.
This title of the officer is not destroyed either by taking out an alias, or an order of sale. Neither would the taking of a delivery bond on an alias, without forfeiture, have this effect. Evans v. Barnes, 2 Swan, 294. These subsequent proceedings would be merely nugatory, as the title vested in the officer by the levy would authorize him to sell at any time, even after the execution had become inoperative. Evans v. Barnes, 2 Swan, 294. Nothing short of the satisfaction of the debt, or some recognized act of abandonment, or waiver, either by the creditor or officer, could have the effect to destroy the title vested by the levy, or restore the right of property to the execution debtor. If it were not restored to Rutledge, he could not, of course, pass any title to Brown. We think the jury correctly found, under a proper charge, that there was nothing shown in this case to divest the constable of his title;
2. It is insisted that the Court erred in charging the jury that the excessive levy in this case did not render it void. There were other executions against Rutledge; the slaves were liable to die, and it was the duty of the officer to seize property enough to make the debts in his hands amply secure against all probable contingencies. The levy in this case was not void on account of the excess, although the value of the property greatly exceeded the debt. Whether the execution debtor might not complain, and be entitled to redress in damages need not be considered, as it is enough for this case to decide that this fact did not prevent the passage of the title to the property out of Rutledge into the officer, for the satisfaction of the executions in his hands. By the levy he became bound for the debt, and was vested with the right to *432 recover it, ns owner, from any person that might have the possession. Rutledge could communicate no title to Brown, or any one else, until the debt was paid, or the levy in some way waived, or abandoned.
We think there is no error in the case, and affirm the judgment.